(Not for Publication) (Docket No. 7)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
_____
                               :
HECTOR L. HUERTAS,             :
                               :
          Plaintiff,           :   Civil No. 06-1430(RBK)
                               :
     v.                        :   OPINION
                               :
AMERITRADE, INC.,              :
                               :
          Defendant.           :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by pro se Plaintiff Hector L. Huertas ("Plaintiff") for entry of a default judgment against Defendant Ameritrade ("Ameritrade"), pursuant to Federal Rule of Civil Procedure 55(b)(2), for failure to appear, answer, or otherwise defend in this matter. For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's motion.

I.  **BACKGROUND**

Plaintiff opened an account with Ameritrade in October 2003. On or about April 16, 2004, Plaintiff signed an application to permit Plaintiff to trade options in his Ameritrade account.

Plaintiff alleges that on March 15, 2005, he bought twenty Yahoo option contracts at $.75 each.  On March 16, 2005, Plaintiff sold the Yahoo contracts at $.55 each.  On March 17,

2005, Plaintiff alleges that he "noticed numerous duplicate transactions" dated March 16, 2005 on his Ameritrade account. Plaintiff subsequently contacted Ameritrade to inquire about the duplicate transactions, and a customer service representative informed Plaintiff that the posted transactions resulted from commission fee adjustments.

Plaintiff further alleges that on March 17, Plaintiff "noticed that someone had sold short a position of [five] . . . Yahoo option contracts at" $.60 and "a position of [fifteen]" Yahoo option contracts at $.65.  Plaintiff alleges that he "close[d] that position by buying" twenty Yahoo option contracts at $.80, incurring a loss of $377.03.  Plaintiff alleges he again contacted Ameritrade customer service, at which time a representative informed Plaintiff that the system showed that the Plaintiff accidentally placed the short sale by placing duplicate transactions. Plaintiff alleges that he informed the Ameritrade representative his account was not authorized for short trading, therefore he could not have authorized these transactions.

On March 23, 2005, Plaintiff placed an order for "[twelve] Google April 190 call option contracts."  On March 24, 2005, Plaintiff noticed his account was "at a loss," despite a considerable increase in the Google share price. Plaintiff alleges that "someone" bought Google shares on March 23, 2005 at $1.90 and closed them on March 24 at $1.55.  Plaintiff also

2

noticed that "someone" purchase eight Google call option contracts on March 24 at $2.25. Plaintiff states that, "in the confusion," he closed eight Google call option contracts at $1.80.

Plaintiff alleges that this series of transactions caused him a loss of $854.08.

On March 26, 2005, Plaintiff contacted Ameritrade customer service to inquire about who engaged in the transactions. Plaintiff indicates that he became "enraged" during the conversation when the representative transferred Plaintiff to technical support.  Plaintiff states that Ameritrade restricted his account access, and Plaintiff cannot withdraw funds without a signed, written authorization letter.

Plaintiff alleges "realized" losses of $1,231.11.  In addition, Plaintiff alleges that this series of events "discouraged" him from monitoring his account, and he sustained further losses as a result.

On March 27, 2006, Plaintiff filed a complaint in United States District Court for the District of New Jersey, alleging that Ameritrade violated Sections 9b and 10b of the Securities Exchange Act of 1934 ("SEC"), and SEC Rule 10b-5. Plaintiff also claims breach of contract. Plaintiff seeks "declaratory and injunctive relief concerning future deterrence" of his day-trading activities, as well as monetary damages.  The docket

reflects that Ameritrade failed to enter an appearance, much less file a response or answer, even though Plaintiff effected service on April 28, 2006. On May 22, 2006, Plaintiff requested that the clerk enter default, which the clerk entered the same day.

On November 1, 2006, Plaintiff filed this motion for default judgment. Again, the docket reflects that Ameritrade failed to oppose the motion.

**II.  Default Judgment Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. <u>Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.</u>, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations

relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Wright, Miller, & Kane, § 2688, at 63); Directv, Inc. v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004)).

**III. Analysis**

 A. <u>SEC Section 10b and SEC Rule 10b-5</u>

 Plaintiff alleges that Ameritrade violated Section 10b of the SEC, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. Section 10b states:

> It shall be unlawful for any person . . . [t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b).

 Rule 10b-5(b) clarifies that "[i]t shall be unlawful for any person . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the

5

statements made, in the light of the circumstances under which they were made, not misleading. . . ." 17 C.F.R. § 240.10b-5.

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). However, "there are . . . exceptions to notice pleading that mandate a heightened standard requiring that facts be pleaded with particularity" and one of those exceptions is "pleading scienter under . . . 15 U.S.C. § 78j(b)." Kanter v. Barella, ___ F.3d ___, 2007 WL 1519894, at *2 (3d Cir. May 25, 2007) (citing In re Rockefeller Ctr. Props., Inc. Secs. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (foreclosing "boilerplate and conclusory allegations")). For these exceptions to notice pleading, Federal Rule of Civil Procedure 9(b) applies. See Rockefeller, 311 F.3d at 216.

Rule 9(b) states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  "With respect to state of mind, Rule 9(b) also states that '[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally.'" Rockefeller, 311 F.3d 216 n.15 (quoting Fed. R. Civ. P. 9(b)). The Third Circuit "rigorously applie[s]" this

6

"particularity requirement" in securities fraud cases. Rockefeller, 311 F.3d at 216 (citing In re Burlington, 114 F.3d 1410, 1417 (3d Cir. 1997)). Rule 9(b) does not require "every material detail of the fraud such as date, location, and time," but the Third Circuit construes Rule 9(b) as requiring plaintiffs to use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Rockefeller, 311 F.3d at 216. "The imposition of a heightened pleading requirement in fraud actions serves important objectives," including reducing "the number of frivolous suits brought solely to extract settlements." Id. (citations omitted).

As a result, "Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of securities fraud with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'-that is, the 'who, what, when, where and how' of the events at issue." Id. at 217 (quoting Burlington, 114 F.3d at 1422).[1]

---

[1] In addition, "plaintiffs alleging securities fraud must also comply with the heightened pleading requirements of the Reform Act, 15 U.S.C. § 78u-4(b)(1), (b)(2)." Rockefeller, 311 F.3d at 217. The Reform Act "requires plaintiffs to specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." Id. Because the Court concludes that Plaintiff does not meet the requirements of Rule 9(b), the Court likewise holds that Plaintiff's pleading falls far short of the requirements of the Reform Act.

Plaintiff's complaint fails to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Plaintiff vaguely references "Ameritrade employees" who allegedly "manipulated [option] orders to compel plaintiff to incur losses," which "infers that such Ameritrade employees engaged in insider trading."  (Pl.'s Compl. at ¶ 5.)  Plaintiff also alleges that Ameritrade's alleged breach of contract "states a cause of action under Section 10(b) and Rule 10b-5 because such conduct could be viewed as manipulative or deceptive within the meaning of the statute."  (Id. at ¶ 4.)  These nebulous allegations do not specify the requisite "who, what, when and how" required to state a claim under the heightened requirements of Rule 9(b).

Therefore, the Court holds that with regard to Plaintiff's claims that Ameritrade violated SEC Rule 10b-5 and Section 10b of the SEC, Plaintiff did not state a "legitimate cause of action," the first step required in the Court's decision to grant a default judgment.  As a result, this Court denies Plaintiff's motion for default judgment as to counts II and III of the complaint.

    B.   <u>SEC Section 9b</u>

Plaintiff also alleges that Ameritrade violated Section 9b of the SEC, 15 U.S.C. § 78i(b).Section 9b of the SEC provides

> It shall be unlawful for any person to effect, by use of any facility of a national securities exchange, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in

```
     the public interest or for the protection of investors--
        (1) any transaction in connection with any security
     whereby any party to such transaction acquires (A) any
     put, call, straddle, or other option or privilege of
     buying the security from or selling the security to
     another without being bound to do so; or (B) any security
     futures product on the security; or
        (2) any transaction in connection with any security
     with relation to which he has, directly or indirectly,
     any interest in any (A) such put, call, straddle, option,
     or privilege; or (B) such security futures product; or
        (3) any transaction in any security for the account of
     any person who he has reason to believe has, and who
     actually has, directly or indirectly, any interest in any
     (A) such put, call, straddle, option, or privilege; or
     (B) such security futures product with relation to such
     security.
```

15 U.S.C. § 78i(b).[2]

In this case, Plaintiff alleges that "someone" at Ameritrade without Plaintiff's knowledge or consent, manipulated his day trading account. Plaintiff further alleges that his account was never authorized to conduct the trades in question. More specifically, Plaintiff alleges that "Ameritrade employees knew that such options would be highly profitable and this manipulated such orders to compel plaintiff to incur losses." These allegations, taken as true, are enough to establish a legitimate cause of action under 15 U.S.C. § 78i(b). Therefore, the Court finds that Ameritrade violated 15 U.S.C. § 78ib.

    C.   Breach of Contract

Finally, Plaintiff alleges that Ameritrade breached the

---

[2] The Court notes that there is remarkably little case law construing this provision of the SEC.

9

contract when Ameritrade failed to "provide adequate security of Plaintiff's internet day-trading account," and as a result of this lack of security, Plaintiff suffered damages.  Accepting these allegations as true, the Court finds that Plaintiff established a legitimate cause of action and that Ameritrade breached their contract with Plaintiff.

The Court now moves to the next prong of the default judgment analysis with regard to Counts I and IV.

D.   Emasco Factors

After determining that Plaintiff set forth a legitimate cause of action, the Court must also consider three factors before entering default judgment: (1) whether plaintiff will be prejudiced if default is not granted, (2) whether defendant has a meritorious defense, and (3) whether defendant's delay was the result of culpable misconduct. Carpenters Health & Welfare Fund v. Naglak Design, 1995 WL 20848, *2 (E.D. Pa. 1995) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)).

Although these factors are typically more pertinent where the defendant appeared to contest the entry of default, the factors clearly weigh in Plaintiff's favor in this instance. Because Ameritrade failed to file any responsive pleadings or otherwise show cause why the Court should not enter default judgment in Plaintiff's favor, the Court is "not in a position to judge whether [Ameritrade] has a meritorious defense or whether

any delay was the result of culpable misconduct." <u>Id.</u>  Moreover, Ameritrade's failure to appear deprived Plaintiff of any other "means of vindicating its claim," and Plaintiff will be prejudiced if the default is not granted. <u>See</u> <u>Asher</u>, 2006 WL 680533, *2 (granting default judgment where defendant "has not responded in any fashion," "has not asserted any meritorious defense," and has not "offered any excusable reason for his default"). Accordingly, Plaintiff is entitled to a default judgment as to Counts I and IV for Ameritrade's failure to appear in this action.

**IV.   Calculation of Damages**

Plaintiff's demand for damages in his motion for default judgment are internally inconsistent and unsupported by the record. Moreover, the Court is uncertain how to apportion damages, given that Plaintiff receives default judgment on only two of the four counts in his complaint.  Therefore, the Court orders Plaintiff to appear before this Court on Tuesday, July 31, 2007 at 9:30 AM to submit additional evidence to support his demand for damages.

**V.   CONCLUSION**

For the foregoing reasons, the Court will enter default judgment against Ameritrade with regard to Count I, alleging violation of 15 U.S.C. § 78i and Count IV, alleging breach of contract.  The Court is unable to calculate damages at this time,

11

and orders Plaintiff to appear on July 31, 2007 at 9:30 AM to present evidence to support his claim for damages.

In addition, the Court dismisses Counts II and III of Plaintiff's complaint, which allege violations of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, respectively, because Plaintiff failed to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).


Dated: 6/26/2007                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge